IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE HERNANDEZ GUTIERREZ, | ) ) | No. CV-F-05-197 OWW (No. CR-F-03-5326) |
| | ) ) | |
| Petitioner, | ) ) | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE |
| vs. | ) ) | OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND |
| UNITED STATES OF AMERICA, | ) ) | DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |
| Respondent. | ) ) ) | |

   On February 11, 2005, Petitioner Jose Hernandez Gutierrez timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

   Petitioner pleaded guilty pursuant to a written Plea Agreement to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The Plea Agreement specifically provides:

> Defendant expressly, knowingly and voluntarily waives his Constitutional and statutory rights to appeal, including any

1

```
           rights to appeal his conviction and sentence
           on any ground and any appeal right conferred
           by 18 U.S.C. § 3742.  Defendant further
           agrees not to contest his sentence in any
           post-conviction proceeding, including, but
           not limited to, any proceeding under 28
           U.S.C. § 2255.
```

Petitioner was sentenced on February 17, 2004 to 46 months

incarceration.  Petitioner did not file a Notice of Appeal.

Petitioner's motion asserts four grounds for relief:

Ground One:

The petitioner ... is challenging an exceptional sentence that was unlawfully imposed.  Also the petitioner is challenging his sentence based on violation of due process.  The petitioner was denied due process by the court not following the sentencing process defined by the legislature. [T]he sentencing statutes do not adequately protect a defendant's constitutional due process right when an exceptional sentence is imposed.

Ground Two:

The statutory scheme in imposing an exceptional sentence violates a defendant's due process and his Sixth Amendment, right to a jury trial since the sentencing judge, not a jury, determines disputed facts that are the basis of enhancing the sentence.

Ground Three:

Any sentence imposed or any sentence increased based on a fact or factors not determined by a jury or not prove [sic] beyond a reasonable doubt will violate Defendan's [sic] constitution [sic] right under the fifth and fourteenth and sixth Amendments to the United States Constitutional [sic].

Ground Four:

The statutory maximum for Apprendi, and

> Booker and Fanfan, purposes is the maximum
> sentence a judge may impose solely on the
> basis of the facts reflected in the jury
> verdict or admitted by the defendant.

Petitioner's Section 2255 motion is DENIED.

A defendant may waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992), *cert. denied sub nom. Abarca-Espinoza v. United States*, 508 U.S. 979 (1993). However, the Ninth Circuit holds that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver. *Washington v. Lambert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied,* 547 U.S. 1074 (2006). Petitioner makes no claim that the voluntariness of the waiver in the Plea Agreement was the result of ineffective assistance of counsel.

For the reasons stated:

1. Petitioner Jose Hernandez Gutierrez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   July 23, 2008                    /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE